UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEVRA HANEY-WILLIAMS,<br><br>Plaintiff(s),<br><br>v.<br><br>GLAXOSMITHKLINE LLC, et al,<br><br>Defendant(s). | Case No. 2:17-CV-2900 JCM (EJY)<br><br>ORDER |

Presently before the court is defendant Jubilant Cadista Pharmaceutical's ("Jubilant") motion to dismiss (ECF No. 41) plaintiff Devra Haney-Williams' amended complaint (ECF No. 30). Haney-Williams filed a response (ECF No. 55), to which Jubilant replied (ECF No. 60).

Also before the court is Jubilant's motion to dismiss (ECF No. 43) cross-claimant Sam's West, Inc.'s d/b/a Sam's Pharmacy #10-4974 ("Sam's Pharmacy") amended crossclaim (ECF No. 33). Sam's Pharmacy filed a response (ECF No. 47), to which Jubilant replied (ECF No. 59).

**I.  Background**

This action arises from injuries Haney-Williams allegedly suffered as a result of her use of Lamotrigine, a generic prescription medication. (ECF No. 30). The amended complaint contains the following allegations:

Jubilant is a pharmaceutical company that manufactures Lamotrigine, a generic prescription drug used to treat epilepsy. *Id*. On September 25, 2015, Haney-Williams was prescribed 25mg of Lamotrigine to be taken daily for one week, and then 50mg of the same to be taken daily during the second week. *Id*. The dosage was to increase on a weekly basis, up to 125 mg of Lamotrigine by the fifth week. *Id*.

**James C. Mahan**
**U.S. District Judge**

On October 6, 2015, Sam's Pharmacy dispensed one bottle of 100mg tablets of Lamotrigine (270 count) to Haney-Williams, rather than the prescribed 25mg tablets. *Id*. Sam's Pharmacy was aware that this was Haney-Williams' first prescription for Lamotrigine at the time it dispensed her prescription. *Id*.

On or about October 13, 2015, Haney-Williams began taking the 100mg tablets on a daily basis. *Id*. On or about October 24, 2015, Haney-Williams was hospitalized and ultimately diagnosed with Toxic Epidermal Necrolysis. *Id*. She suffered blistering and loss of skin over eighty percent of her body, as well as neurological injuries, and was rendered permanently blind. *Id*.

Haney-Williams originally filed her complaint in Nevada state court on October 20, 2017. (ECF No. 1, Ex. A). Defendant GlaxoSmithKline LLC removed this action on November 20, 2017. (ECF No. 1). On November 13, 2018, Haney-Williams filed an amended complaint dismissing GlaxoSmithKline as a defendant and adding Jubilant as a defendant. (ECF No. 30). The amended complaint appears to assert several causes of action against Jubilant and Sam's Pharmacy.[1] *Id*.

On November 27, 2018, Sam's Pharmacy filed an amended crossclaim against Jubilant, alleging seven causes of action: (1) comparative negligence; (2) equitable indemnity; (3) contractual indemnity; (4) contribution; (5) breach of contract; (6) breach of express and implied warranty; and (7) declaratory relief. (ECF No. 33).

Now, Jubilant moves to dismiss Haney-Williams' amended complaint (ECF No. 41) and Sam's Pharmacy's amended crossclaim (ECF No. 43).

**II.  Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

---

[1] It is unclear from the amended complaint what causes of action Haney-Williams is pursuing, but it appears that she is pleading a single cause of action for failure to warn against Jubilant, and a least one cause of action for negligence against Sam's Pharmacy. (*See* ECF No. 30).

8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged − but it has not shown − that the pleader is entitled to relief." *Id*. at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subject to the expense of discovery and continued litigation.

*Id*.

**III. Discussion**

Pending before the court is Jubilant's motion to dismiss Haney-Williams' amended complaint (ECF No. 41) and Jubilant's motion to dismiss Sam's Pharmacy's amended crossclaim (ECF No. 43). The court will address each motion in turn.

*a. Jubilant's motion to dismiss Haney-Williams' amended complaint*

Haney-Williams' amended complaint does not clearly state the causes of action she is pursuing against Jubilant, but all of the allegations included therein essentially amount to a single cause of action for failure to warn. (*See* ECF No. 30). Jubilant argues that Haney-Williams' failure to warn cause of action is preempted by federal law because the labeling that accompanies Lamotrigine is identical to the labeling that accompanies Lamictal (the brand name equivalent of Lamotrigine). (ECF No. 41). Jubilant further argues that even if Haney-Williams' cause of action was not federally preempted, it would still be barred by the learned intermediary doctrine. *Id.*

*1. Judicial notice that Lamotrigine is a generic drug*

As a preliminary matter, the amended complaint makes no mention of the fact that Lamotrigine is a generic drug. (*See* ECF No. 30).

Federal Rule of Evidence 201 allows the court to take judicial notice of an "adjudicative fact" that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)–(b). "The court … must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). "The court may take judicial notice at any stage of the proceedings." Fed. R. Evid. 201(d).

Publicly available records demonstrate that the FDA has approved Lamotrigine, and its brand-name equivalent Lamictal.[2] The accuracy of the FDA's official published records is not

---

[2] The FDA first approved Jubilant's Abbreviated New Drug Application (ANDA), number 079132, on January 27, 2009. U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, FOOD AND DRUG ADMINISTRATION, APPROVED DRUG PRODUCTS WITH THERAPEUTIC EQUIVALENT EVALUATIONS, 3-250, 39TH EDITION (2019). The ANDA application process is reserved for generic drugs. *See* 21 C.F.R. § 314.3.

subject to reasonable dispute. Accordingly, the court takes judicial notice that Lamotrigine is a generic drug.

   *2. Haney-Williams' failure to warn cause of action is federally preempted*

The Supremacy Clause of the Constitution makes evident that federal law "shall be the supreme Law of the Land … any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const., Art. VI, cl. 2. "State laws that conflict with federal law are 'without effect.'" *Altria Grp., Inc. v. Good*, 555 U.S. 70, 76 (2008) (citation omitted). There are three types of preemption: (1) express preemption, (2) field preemption, and (3) conflict preemption. *Id.* at 76–77. State and federal law conflict where it is "impossible for a private party to comply with both state and federal requirements." *Freightliner Corp. v. Myrick*, 514 U.S. 280, 287 (1995) (internal quotation marks omitted).

In *PLIVA, Inc. v. Mensing*, the United States Supreme Court made clear that tort claims based on a generic drug manufacture's alleged failure to warn are preempted by the federal requirement that generic drug labels display the same warning information as the federally approved brand-name label. 564 U.S. 604, 618 (2011). Under the federal regulations applicable to generic drug manufacturers, Jubilant could not unilaterally change its Lamotrigine labeling. *See, e.g.*, 21 CFR § 314.150(b)(10). Therefore, a direct conflict exists between Haney-Williams' state-law tort cause of action for failure to warn and federal law governing the labeling of generic drug products. *See Mensing*, 564 U.S. at 618. Haney-Williams' failure to warn cause of action is thus federally preempted.

Accordingly, the court will dismiss this cause of action with prejudice.[3]

   *b. Jubilant's motion to dismiss Sam's Pharmacy's amended crossclaim*

Sam's Pharmacy's amended crossclaim alleges seven causes of action against Jubilant: (1) comparative negligence; (2) equitable indemnity; (3) contractual indemnity; (4) contribution; (5) breach of contract; (6) breach of express and implied warranty; and (7) declaratory relief. (ECF No. 33).

---

[3] Because Haney-Williams' failure to warn cause of action is federally preempted, the court declines to address Jubilant's argument that the learned intermediary doctrine would also bar this cause of action.

**James C. Mahan
U.S. District Judge**

Jubilant contends that Sam's Pharmacy's amended crossclaim should be dismissed in its entirety for several reasons. (ECF No. 43). First, Jubilant argues that a supplier agreement, effective February 15, 2008, governed its indemnity obligations to Sam's Pharmacy, and that the supplier agreement expired more than six years before Haney-Williams was injured. *Id*. Second, Jubilant argues that even if the supplier agreement was still effective at the time Haney-Williams was injured, Jubilant has no contractual or common law obligation to indemnify Sam's Pharmacy "for its own negligence," pursuant to Nevada law. *Id*.

Sam's Pharmacy responds that it has pleaded sufficient facts to show that the supplier agreement was effective at the time Haney-Williams was injured, and that the terms of that agreement require Jubilant to indemnify Sam's Pharmacy regardless of its alleged negligence. (ECF No. 47). Sam's Pharmacy further responds that Jubilant misapplies Nevada law to the supplier agreement because the agreement has a valid Arkansas choice-of-law clause. *Id*.

As an initial matter, the supplier agreement referred to by the parties was not included in or attached to the amended crossclaim. However, the court may still consider its contents in the context of Jubilant's motion to dismiss because the amended crossclaim incorporates the supplier agreement by reference. A document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The amended crossclaim contains repeated references to the supplier agreement, and the agreement forms the basis of Sam's Pharmacy's third, fourth, fifth, and sixth causes of action. (*See* ECF No. 33). The court will therefore consider the contents of the supplier agreement.

*1. Sam's Pharmacy's first and second causes of action*

Sam's Pharmacy's first and second causes of action for comparative negligence and equitable indemnity both involve legal mechanisms by which one tortfeasor may seek contribution and/or indemnity from another tortfeasor. (ECF No. 33).

With regard to comparative negligence under Nevada law, in an action where recovery is allowed against more than one defendant, "each defendant is severally liable to the plaintiff only for that portion of the judgment *which represents the percentage of negligence attributable to*

*that defendant.*" NRS 41.141(4) (emphasis added). With regard to equitable indemnity under Nevada law, "[n]oncontractual or implied indemnity is an equitable remedy that allows a defendant to seek recovery *from other potential tortfeasors whose negligence* primarily caused the injured party's harm." *Rodriguez v. Primadonna Co., LLC*, 216 P.3d 793, 801 (Nev. 2009) (emphasis added).

In order for Sam's Pharmacy to recover under a comparative negligence or equitable indemnity theory, there must be some way that Jubilant could be found negligent, as comparative negligence and equitable indemnity only permit recovery from another tortfeasor. As is discussed in section III.a above, there can be no finding that Jubilant was negligent because Haney-Williams' single cause of action against Jubilant is preempted by federal law. And because Jubilant cannot be found negligent, neither comparative negligence nor equitable indemnity are available to Sam's Pharmacy. Sam's Pharmacy has thus failed to plausibly allege an entitlement to relief as to its first and second causes of action.

Accordingly, the court will dismiss Sam's Pharmacy's first and second causes of action with prejudice.

*2. Sam's Pharmacy's third, fourth, fifth, and sixth causes of action*

Sam's Pharmacy's third, fourth, fifth, and sixth causes of action are all predicated on the validity and enforceability of the supplier agreement. (*See* ECF No. 33). To survive a motion to dismiss then, Sam's Pharmacy must have plausibly alleged that the supplier agreement was a valid and enforceable contract at the time Haney-Williams' injuries arose in 2015.

The supplier agreement expressly provides, in relevant part:

> This Agreement ends one year after the Effective Date. This Agreement may only be renewed or extended by an agreement signed by an authorized officer of Company and Supplier. Supplier and Company are under no obligation to extend the term of this Agreement or to renew this Agreement. Neither Supplier nor Company should take any actions in reliance upon this Agreement being extended or renewed.

(ECF No. 41, Ex. E). The effective date of the supplier agreement was February 15, 2008, so the agreement expired on February 15, 2009, unless it was renewed or extended. *Id.*

The agreement's terms are abundantly clear as to its expiration date of February 15, 2009, and Sam's Pharmacy has made no showing that the contractual relationship between the parties

continued beyond that point. In the absence of some additional factual matter sufficient to plausibly establish a continuing contractual relationship between the parties—that was based on the supplier agreement—the court is unable to draw a reasonable inference that Jubilant is liable to Sam's Pharmacy under the supplier agreement. *See Iqbal*, 556 U.S. at 678.

Accordingly, the court will dismiss Sam's Pharmacy's third, fourth, fifth, and sixth causes of action without prejudice.

### 3. *Sam's Pharmacy's seventh cause of action*

Sam's Pharmacy's seventh cause of action requests declaratory relief with regard to Jubilant's duty to indemnify Sam's Pharmacy. (ECF No. 33). Under Nevada law, a court may grant declaratory relief only if: (1) a justiciable controversy exists between persons with adverse interests, (2) the party seeking declaratory relief has a legally protectable interest in the controversy, and (3) the issue is ripe for judicial determination." *Cty. of Clark, ex rel. Univ. Med. Ctr. v. Upchurch*, 961 P.2d 754, 756 (Nev. 1998).

For the reasons set forth in sections III.b.1 and III.b.2 above, Sam's Pharmacy's first through sixth causes of action will be dismissed. Because Sam's Pharmacy's request for declaratory relief is derivative of and dependent upon the interests asserted in those causes of action, there is no justiciable controversy remaining between Sam's Pharmacy and Jubilant that is ripe for judicial determination.

Accordingly, the court will dismiss Sam's Pharmacy's seventh cause of action without prejudice.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Jubilant's motion to dismiss (ECF No. 41) Haney-Williams' amended complaint be, and the same hereby is, GRANTED. With regard to Jubilant, Haney-Williams' single cause of action is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Jubilant's motion to dismiss (ECF No. 43) Sam's Pharmacy's amended crossclaim be, and the same hereby is, GRANTED. With regard to

Jubilant, Sam's Pharmacy's first and second causes of action are DISMISSED with prejudice, and Sam's Pharmacy's third, fourth, fifth, sixth, and seventh causes of action are DISMISSED without prejudice.

DATED December 27, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**